No. 13-2339

# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

JORDAN A. BROWN,
Appellee,

v.

RAMONA BROCKETT,
Appellant.

Appeal From The United States District Court for the District of Maryland Baltimore Division

## PETITION FOR REHEARING AND REHEARING *EN BANC*

Ramona Brockett, J.D., Ph.D.
Pro Se
213 Race Street #24
Vienna, Maryland 21869
Phone: (646) 648-3544

Pro Se for Appellant
RAMONA BROCKETT, J.D., PH.D.

## STATEMENT REQUIRED BY RULE 35(b)

Rehearing and Rehearing *en banc* is warranted because this case involves a question of exceptional importance. The panel affirming the decision of the lower court failed to acknowledging the newly discovered evidence which the lower court, in its own opinion, indicates should have been raised; and, specifically that neither side called Phi Alpha Delta Legal Fraternity International, Incorporated representatives at trial or read into evidence the deposition testimony of Phi Alpha Delta Law Fraternity International, Incorporated representatives who were beyond the reach of a subpoena. It was Phi Alpha Delta Law Fraternity International, Incorporated who conducted its third party investigation into monies missing from their bank account; and, failure of any court to incorporate probative value of this testimony would err as its material effect of this newly discovered evidence outweighs any prejudicial effect presenting it could have on the outcome of the defamation finding. The panel's decision to leave this newly discovered evidence has a chilling effect and it is inconsistent with decisions of other circuits where they have agreed that newly discovered evidence changed courts findings.

Newly discovered evidence which directly contradicts material facts testified to by a witness at the original trial and which, if believed, would most likely require a different result, does cast a proper basis for a new trial. The principle that impeaching evidence constitutes a proper basis for the striking of an unenrolled judgment and the grant of a new trial where it is sufficiently significant to make it probable that a different result would be produced was affirmed in <u>Smith v. Lapidus, (208 Md. 273, 118 A2d 373 (1955))</u> <u>321 A2d. at 834-35</u>. Under the foregoing rationale, to where newly discovered evidence impeaches testimony offered at trial, indicating that the testimony offered at trial was false and perjured, and where the newly discovered evidence impeaching such perjured testimony would, if believed, probably have resulted in a different jury verdict, then the grant of a new trial is proper. Appellant respectfully submits that, in the instant case, the newly discovered evidence that the lower court itself acknowledged in its remittitur opinion as material to a jury finding of defamation—but was not offered through testimony, nor were the depositions read onto the record because Phi Alpha Delta Law Fraternity International, Incorporated was outside of the reach of the subpoena, indicates that the probative value of this newly discovered evidence outweighs its prejudicial effect. Any testimony that is material to a finding by a jury of defamation, like that of

the newly discovered testimony or deposition of Phi Alpha Delta Law Fraternity International, Incorporated, would prejudice a finding by any court or any jury as that finding would be predicated upon the conduct of Phi Alpha Delta Law Fraternity International, Incorporated and its purpose in conducting the third party investigation into their missing funds. Accordingly, the court should grant a new trial in this cause.

The decision of the panel not to incorporate the newly discovered evidence is not only in error, but, it prevents both the plaintiff, appelle and defendant, appellant from successfully proving the elements of defamation as the affirmative defense to defamation and a finding cannot be determined as the truth without the testimony or the deposition of Phi Alpha Delta Law Fraternity International, Incorporated being read onto the record. Moreover, as their third party email investigation was stipulated to as a hearsay exception, the panel failed to recognize that the testimony of Phi Alpha Delta Law Fraternity International, Incorporated to that record, and to it's purpose for conducting a third party investigation into their missing funds

3

from their private bank account which were found not to be located therein, are a material and would directly effect the jury's finding of defamation.[1]

This Court should grant rehearing and rehearing *en banc* to address the important constitutional issue of the plaintiff's burden of alleging proving falsity by allowing the newly discovered evidence to be part of the record as the testimony of Phi Alpha Delta Law Fraternity International, Incorporated and its deposition is material to a finding for defamation as such material witness testimony was previously outside of the scope of the subpoena.[2]

## BACKGROUND

On September 12, 2013 the federal district court upon remittitur motion overturned, in part, the defamation case brought by the plaintiff, appellee, Jordan A. Brown, against the defendant, appellant, Dr. Ramona Brockett, 1:11-cv-00240-JFM. The appellant requests that this panel reconsider its finding where it affirmed the ruling of the lower court awarding damages in the amount of $20,000.00 compensatory and $20,000.000 punitive as there exists newly discovered evidence, not

---

[1] The plaintiff, appellee admits during trial that he did not tender the funds to Phi Alpha Delta Law Fraternity International, Incorporated (APP.152)

[2] On March 15, 2013 the lower court agreed to the stipulation of the third party investigation done by Phi Alpha Delta Legal Fraternity, International; however, they were unavailable to testify to their business record. Docket No. 118 Case 1:11-cv-00240-JFM

4

previously available which has come to light; and, for which defendant, appellant raises the argument for the first time hereby, a motion for reconsideration.

## Argument

A.  The Panel Failed to Address the Newly Discovered Evidence, Not Previously Available, Which has Come To Light Raised For the First Time on a Motion For Reconsideration

To warrant granting a motion for a new trial based on newly discovered evidence, it must be shown (1) that the evidence was discovered since the trial; (2) that the evidence could not have been discovered sooner with the exercise of due diligence; (3) that the evidence is not merely cumulative or impeaching; (4) that the evidence is so material that it probably would produce a different verdict. United States v. Curran, 465 F.2d 260, 264 (7th Cir. 1972) . Ordinarily, the filing of a timely notice of appeal from a final judgment ousts the district court of jurisdiction to proceed further in the case except in aid of the appeal. Elgen Mfg. Co. v. Ventfabrics, Inc., 314 F.2d 440, 444 (7th Cir. 1963). However, this general rule is subject to the exception that a district court may consider such matters as authorized by statute or rule. Id. Pursuant to that exception, we have held that district courts may reach the merits of motions filed under Rule 60(b) of

5

the Federal Rules of Civil Procedure while an appeal is pending, including motions for a new trial based on allegations of newly discovered evidence. Washington v. Board of Education, 498 F.2d 11, 15-16 (7th Cir. 1974); Binks Mfg. Co. v. Ransburg Electro-Coating Corp., 281 F.2d 252, 260-61 (7th Cir. 1960), cert. dismissed, 366 U.S. 211, 81 S.Ct. 1091, 6 L.Ed.2d 239 (1961). Under the approved procedure, the district court may either deny the motion on the merits without seeking leave to do so from this Court or, if disposed to grant the motion, certify its determination so that a motion for remand of the pending appeal may be favorably entertained in the court of appeals.

    In this case, the panel erred when affirming the remittitur motion of the lower court when it affirmed the lower courts ruling that the plaintiff, appellee, had been defamed recklessly without examining the remittitur opinion of the lower court as to what evidence should have been raised as the Judge himself stated, "neither side called," Phi Alpha Delta Law Fraternity International, Incorporated "representatives at trial or read into evidence the deposition testimony" of Phi Alpha Delta Law Fraternity International Incorporated's representatives who were beyond the reach of the scope of the subpoena. This is new evidence which addresses the truth of the matter asserted and greatly affects the outcome of the defamation

6

finding. Whether the plaintiff has the burden of proving falsity or whether falsity can be presumed (and pled by the defendant as an affirmative defense) depends on whether: (1) the alleged libel involves matters of public concern that invoke the First Amendment and require the plaintiff to prove fault (actual malice or negligence); or (2) the common law controls and fault is presumed (strict liability). Proving falsity and proving fault are related burdens--when the plaintiff is required under the First Amendment to prove fault (actual malice or negligence), the plaintiff must also prove falsity. Smolla, supra note 15, §5:6 (2d ed. 1999 & Supp. 2005); see Bentley v. Bunton, 94 S.W.3d 561, 586 & n.62 (Tex. 2002). When the plaintiff is not required to prove fault--that is, when the defendant is strictly liable under the common law--the falsity of the statement is presumed, and the defendant must prove truth as an affirmative defense.[3] In this case, however, the panel erred when it did not acknowledge the lower courts indication of newly discovered evidence barring the plaintiff, appellee or the defendant, appellant from examining the third-party witness, Phi Alpha Delta Law

---

[3] See Marc A. Franklin & Daniel J. Bussel, The Plaintiff's Burden in Defamation: Awareness & Falsity, 25 Wm. & Mary L. Rev. 825, 858 (1984) ("A presumption of falsity ... permits liability without fault in the close case, in which the jury is uncertain."); see also Randall's Food Mkts. v. Johnson, 891 S.W.2d 640, 646 (Tex. 1995) (holding that in suits brought by private individuals, truth is an affirmative defense).

Fraternity International, Incorporated. That is why this court should grant a new trial based upon newly discovered evidence that is material to a finding of defamation.

  B. The Panel Decision Is In Direct Conflict with the Constitution and Decisions of Other Circuits

In 1985, the U.S. Supreme Court indicated that the states could return to their own common-law rules in defamation suits between private individuals involving private issues. <u>Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc., 472 U.S. 749, 760-61 (1985)</u> The presumption of falsity applies today in suits brought by private plaintiffs against nonmedia defendants for speech involving a private issue. See <u>Randall's Food Mkts., 891 S.W.2d at 646</u> (holding that truth is an affirmative defense). However, without the testimony or the deposition of Phi Alpha Delta Legal Fraternity International Incorporated read into the record, that testimony is material to the truthfulness of the claim of defamation as the lack of such evidence challenges long standing precedent as the probative value outweighs any prejudicial effect.[4] The panel failed to see that the lack of newly discovered evidence would impact the defamation cases, because in all such cases

---

[4] See J. Frederick Motz Opinion 1:11-cv-00240-JFM dated September 12, 2013 paragraph 1 page 1; and, the lower court determined the plaintiff, appellee had no measurable damages.

8

courts use the "substantial truth" test to determine whether a statement was false. Masson v. New Yorker Magazine, Inc., 501 U.S. 496, 516-17 (1991) (applying the substantial truth test in a libel suit against media defendant); Garcia v. Allen, 28 S.W.3d 587, 593-94 (Tex. App.--Corpus Christi 2000, pet. denied) (applying the substantial truth test in a slander suit against nonmedia defendant); Rodriguez v. NBC Bank, 5 S.W.3d 756, 766 n.10 (Tex. App.--San Antonio 1999, no pet.) (applying the substantial trust test in a libel and slander suit against a nonmedia defendant). Under the substantial truth test, a statement is not considered false unless it would have a different effect on the mind of the average listener than would a true statement. Masson, 501 U.S. at 517. Minor inaccuracies do not amount to falsity. Masson, 501 U.S. at 517. Substantial truth is evaluated by looking at the "gist" of the publication. McIlvain v. Jacobs, 794 S.W.2d 14, 16 (Tex. 1990). Gist means the "main point or part" or "essence." Reedy v. Webb, 113 S.W.3d 19, 24 (Tex. App.--Tyler 2002, pet. denied). Falsity must be proved by a preponderance of the evidence.[30] Bentley v. Bunton, 94 S.W.3d 561, 587 (Tex. 2002). Although the U.S. Supreme Court has held, though, that the constitutional requirements of proving falsity do not apply to private plaintiffs who sue nonmedia defendants for speech involving private issues.[33] Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc., 472 U.S. 749,

9

760-61 (1985). general damages are presumed when a private plaintiff sues a nonmedia defendant for speech that is defamatory per se and involves a private issue.Snead, 998 F.2d at 1334; Peshak, 13 S.W.3d at 426-27. However, the shift nationally has adopted The Restatement of Torts is a prime example of the shift that courts are making with regard to this issue. The Restatement has shifted its view on who bears this particular burden. The First Restatement of Torts § 613 says that, in an action for defamation, the defendant has the burden of proving, among other things, "the truth of the defamatory communication." Restatement (First) of Torts § 613(2) (a) (1938) The Second Restatement completely removes this burden from the defendant.Restatement (Second) of Torts § 613 (1965).

Recent decisions of the United States Supreme Court hold that under the Constitution a plaintiff must show fault on the part of the defendant regarding the truth or falsity of the defamatory communication; further, when the point is specifically raised before it, the [United States] Supreme Court may well expressly hold as a matter of constitutional law that the plaintiff has the burden of alleging and proving falsity. Id. § 613 cmt. j (emphasis added).  To prove an action for defamation, the plaintiff may be required to prove the defendant published the statement with some degree of fault (actual malice or negligence).[31]WFAA-TV, Inc. v. McLemore, 978

10

S.W.2d 568, 571 (Tex. 1998). However, in this case, the panel having failed to recognize that the newly discovered evidence by Phi Alpha Delta Law Fraternity International, Incorporated through testimony or deposition read into evidence at trail, is material to the finding and its probative value outweighs any prejudicial effect it would have on the finding. In this case, whether the burden of proof is shifted from the defendant, appellant to the plaintiff, appellee or not, the fact remains newly discovered evidence that was not previously available and is material to a finding of defamation as its probative value does not outweigh its prejudicial affect is, as a matter of law, germane to a truthful finding of fact in a case for defamation and the court should grant as a matter of law, a new trial.

Consistent with the Constitutional mandate of the burden of proof in defamation cases and the precedent concerning newly discovered evidence that was not previously available, as indicated by the Judge himself in his remittitur motion as being material to such a finding, this panel should have made its decision consistent with the finding that the court should rehear or rehear *en banc* to re-examine the truthfulness of the statements concerning the defamation in light of the newly found evidence which is material witness testimony. In this case, the panel should grant the motion for

reconsideration based upon newly discovered evidence previously not available.

## CONCLUSION

The Court should grant rehearing *en banc* in this case.

Respectfully submitted,

/s/Ramona Brockett

---

Dr. Ramona Brockett
Pro Se
Monument of Love Church of God in Christ
213 Race Street #24
Vienna, MD 21869
Phone: (646) 648-3544

Pro Se for Appellant
Dr. Ramona Brockett

## CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2014, I hand filed required number of copies with the Clerk of the Court and served one copy by U.P.S. Ground of the foregoing Petition for Rehearing and Rehearing *En Banc* upon:

>Peter F. Axelrad, Esq.
>N. Tucker Meneely, Esq.
>Council, Baradel, Kosmerl & Nolan, P.A.
>125 West Street 4th Floor
>Annapolis, Maryland 21404

/s/ Ramona Brockett
Dr. Ramona Brockett